# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NGOC M.V.,[1]

Petitioner,

v.

MOISES BECERRA, et al.,

Respondents.

Case No. 1:26-cv-03042-KES-EGC (HC)

**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED**

(Doc. 1)

TEN (10) DAY DEADLINE

Ngoc M.V. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court has previously addressed the legal issues raised by the petition. *See*, *e.g.*, *Ghiassi v. Murray*, No. 1:26-CV-1179-JLT-SKO (HC) (E.D. Cal. Mar. 5, 2026); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 2939179 (E.D. Cal. Oct. 15, 2025); *Nguyen v. Warden*, No. 2:25-CV-03297-SKO (HC), 2026 WL 72110 (E.D. Cal. Jan. 9, 2026); *Duong v. Charles*, No. 1:25-CV-01375-SKO (HC), 2025 WL 3055188 (E.D. Cal. Oct. 31, 2025).

On July 7, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 15). On July 14, 2026, Respondents filed a response in which they acknowledge that "the weight of this Court's prior decisions would find

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

that ICE's post-detention effort to procure travel documents for Petitioner to Vietnam as an insufficient basis to establish a significant likelihood of removal in the foreseeable future per § 241.13(i)." (Doc. 17 at 1–2 (citing *Duong*, 2025 WL 3055188)). Nevertheless, Respondents disagree with the Court's statutory interpretation in those cases.

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions noted above, the undersigned will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders. Specifically, in revoking Petitioner's release, Respondents failed to show changed circumstances warranting redetention after release. Issuing a writ to reinstate that release is warranted to preserve the *status quo* before the Government's unlawful actions. *See Pinchi v. Noem*, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *3 (N.D. Cal. Jul. 4, 2025) (finding that the "moment prior to the Petitioner's likely illegal detention" is the status quo).

**RECOMMENDATION**

For the aforementioned reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED and Respondents be ORDERED TO RELEASE Petitioner according to the conditions of supervision in existence immediately preceding Petitioner's re-detention.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the

fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 15, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE